1

**TONI JARAMILLA, A Professional Law Corp.**
Toni J. Jaramilla, Esq. (SBN 174625)
1900 Avenue of the Stars, Suite 900
Los Angeles, California 90067
T: (310) 551-3020 | F: (310) 551-3019
E-mail: Toni@tjjlaw.com

2

3

4

**ALEXANDER MORRISON + FEHR LLP**
J. Bernard Alexander, III (State Bar No. 128307)
1900 Avenue of the Stars, Suite 900
Los Angeles, California 90067
T: 310 394 0888 | F: 310 394 0811
E-mail: balexander@amfllp.com

5

6

7

Attorneys for the Plaintiff
Gabriel Aldave

8

9

## UNITED STATES DISTRICT COURT

10

## GENERAL DISTRICT OF CALIFORNIA

11

12

GABRIEL ALDAVE,

       Plaintiff,

13

   vs.

14

CITY OF BUENA PARK, a municipal entity, Chief COREY S. SAINEZ, Officer ERIC KIMERY, Sergeant DIRK O'DETTE and DOES 1-10 inclusive,

15

16

17

     Defendants

18

19

20

21

22

23

24

25

26

27

28

CASE NO:

**COMPLAINT FOR DAMAGES AND OTHER RELIEF**

1. Fourth Amendment Violation (42 U.S.C. § 1983) Excessive Force
2. Fourteenth Amendment Violation (42 U.S.C. § 1983)
3. Assault and Battery
4. Negligence
5. Violation of Bane Civil Rights Act (Civil Code § 52.1)
6. Violation of the Ralph Civil Rights Act (Cal. Civil Code §51.7)
7. Intentional Infliction of Emotional Distress
8. Negligent Infliction of Emotional Distress
9. Inadequate Training, Ratification, Unconstitutional Custom and Practice

**DEMAND FOR JURY TRIAL**

**INTRODUCTION**

1.      This is a civil rights and state tort action that seeks compensatory damages from the Defendants THE CITY OF BUENA PARK ("CITY") generally and punitive damages from Defendants Chief COREY S. SAINEZ ("SAINEZ"), OFFICER ERIC KIMERY, SEARGENT DIRK O'DETTE and DOES 1-10 Inclusive, ("DEFENDANTS," collectively) for engaging in a senseless, unprovoked acts of assault and excessive force, attacking Plaintiff GABRIEL ALDAVE, with multiple officers tackling him to the ground, attempting to taser him, and handcuffing him at gun-point, just outside of his home, in violation of his rights under the United States Constitution and state law.  These actions of DEFENDANTS have caused Plaintiff to suffer serious bodily injury and ongoing physical, mental, emotional pain, suffering and resultant financial harm.

**JURISDICTION AND VENUE**

2.      This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4), because the Plaintiff asserts claims arising under the laws of the United States including 42 U.S.C. § 1983, 1985, 1986, and 1988, and the Fourth and Fourteenth Amendments of the United States Constitution. This Court has supplemental jurisdiction over Plaintiff's claims arising under state law pursuant to 28 U.S.C. §§1331,1343, and 1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

3.      Venue is proper in this Court under 28 U.S.C. § 1391(b), because Defendants are believed to reside in this district and all incidents, events, and occurrences giving rise to this action occurred in this district.

/ / /

/ / /

/ / /

## **PARTIES**

4.      **Plaintiff:** Plaintiff GABRIEL ALDAVE ("PLAINTIFF") is a 52-year-old male, who at all relevant times mentioned in this Complaint resides in the City of Buena Park, California. Plaintiff seeks both general and punitive damages under federal and state law.

5.      **Public Entity Defendant:** At all relevant times, Defendant CITY OF BUENA PARK ("CITY") was and is a municipal corporation existing under the laws of the State of California. CITY is a governmental subdivision of the State of California with the capacity to be sued. CITY is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and employees. At all relevant times, Defendant CITY was responsible for assuring the actions, omissions, policies, procedures, practices and customs of its employees and agents complied with the laws of the United States and of the State of California. At all relevant times, CITY was the employer of Defendant Officers.

6.      **Individual Defendants**: At all relevant times, Chief COREY S. SAINEZ ("SAINEZ"), OFFICER ERIC KIMERY, SEARGENT DIRK O'DETTE ("ODETTE") and Defendants DOES 1-10 are and were employed as law enforcement officers by the CITY of Buena Party Police Department, acting under color of law within the course and scope of their duties. Defendants SAINEZ, KIMERY, O'DETTE and DOES 1-10 were acting with complete authority and ratification of their principal, Defendant CITY.

7.      At all times mentioned herein, Defendant CITY had a legal duty to oversee and supervise the hiring, conduct and employment of Defendants SAINEZ, KIMERY, ODEDETTE and Defendants DOES 1-10.

8.      All of the acts complained of herein by PLAINTIFF were performed by Defendants by and through their authorized agents and employees, namely Defendants SAINEZ, KIMERY, ODEDETTE and Defendants DOES 1-10, whom at all relevant

times herein were acting within the course, purpose, and scope of said service and/or employment. Moreover, Defendant CITY ratified the conduct of Defendants SAINEZ, KIMERY, ODEDETTE and Defendants DOES 1-10, and all of the acts complained of herein.

9.     Defendant COREY S. SAINEZ  ("SAINEZ") as Chief of the CITY Police Department, and DOES 1-10 are sued both in their individual and personal capacity, as well as in their official capacity.

10.     PLAINTIFF is informed and believes, and based thereon alleges, that each of the Defendants, SAINEZ, KIMERY, ODEDETTE and Defendants DOES 1-10,  were engaged in law enforcement as chiefs, sergeants, captains, lieutenants, and/or civilian employees, agents and representatives of Defendant CITY, duly employed as a police officer by the CITY OF BUENA PARK Police Department, who were acting in the course and scope of his/her employment at all times relevant to the acts and omissions herein alleged.  Each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant is legally attributable to the other Defendants. Each defendant, including DOES 1-10 inclusive are collectively referred to as "DEFENDANTS."

11.     PLAINTIFF is ignorant of the true names and capacities of DEFENDANTS sued herein as DOES 1-10, inclusive, and therefore sue these DEFENDANTS by such fictitious names. PLAINTIFF will amend this Complaint to allege their true names and capacities when ascertained. As such, the individual DOE DEFENDANTS are sued in both their individual and official capacities.

12.     In doing the acts and failing and omitting to act as hereinafter described, DEFENDANTS DOES 1-10 were acting on the implied and actual permission and consent of the CITY OF BUENA PARK Police Department.

13.     All DEFENDANTS who are natural persons, including Defendant DOE and DOES 1-10 are sued individually and/or in his/her official capacity as

officers, sergeants, captains, commanders, supervisors, and/or civilian employees, agents, policy makers, and representatives for the CITY.

14.     DEFENDANTS are liable for the PLAINTIFF's injuries under California law and under the doctrine of *respondeat superior*. Liability under California law for public entities and public employees is based upon California Government Code §§ 815.2 and 820.

15.     At all times mentioned herein, each and every DEFENDANT was the agent of each and every other DEFENDANT and had the legal duty to oversee and supervise the hiring, conduct and employment of each and every DEFENDANT herein.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

16.     On September 22, 2020, PLAINTIFF filed a timely tort claim for damages with CITY in substantial compliance with California Government Code §910.  On November 19, 2020, Plaintiff filed an Amended Claim for Damages.

17.     CITY failed to respond to Plaintiff's Original or Amended Notice of Claim, therefore by operation of law, it was rejected on or about November 6, 2020.

## FACTUAL ALLEGATIONS

18.     PLAINTIFF repeats and re-alleges each and every allegation in paragraphs 1 through 19 of this Complaint as if fully set forth at length herein.

19.     On September 2020, at approximately 8am, just after Plaintiff exited his home, without warning, Plaintiff was viciously attacked by multiple CITY police officers, and roughly, violently and forcefully tackled and pinned to the ground.  A knee was applied to Plaintiff's shoulder and back with full weight and force, wedging the knee into Plaintiff's back and spine. Handcuffed were applied excessively tight, cutting off Plaintiff's blood circulation and causing Plaintiff to lose feeling in his fingers, and applied in a manner to cause severe pressure to Plaintiff's shoulder and neck.

/ / /

20.     As Plaintiff was being tackled, pressed face down on the ground and handcuffed, one of the officers attempted to taser him. At no point did Plaintiff offer any resistance, nor did Plaintiff ever present a threat of serious bodily harm.   Yet during this take-down, Plaintiff was surrounded by several armed officers with guns drawn and pointed at Plaintiff, despite Plaintiff having no weapons and being of no threat whatsoever.  At no time was Plaintiff informed as to why he was being attacked and arrested.

21.     Plaintiff was arrested and thrown into a police vehicle.  Defendants failed to seatbelt or otherwise secure Plaintiff. As a consequence, during his transport from the incident site to the police station, Plaintiff was hurled and propelled around the interior of the vehicle, all while remaining handcuffed and unable to protect himself injury as Plaintiff was violently thrown around the inside of the vehicle, violently striking the windows and doors of the police vehicle.

22.     From the moment he was handcuffed, Plaintiff persistently and continuously complained that the handcuffs were excessively tight and were cutting off Plaintiff's circulation.  Upon arrival at the police station, Plaintiff remained handcuffed and in custody for hours and continued to suffer, to be in pain and to complain.

23.     Having ignored Plaintiff's pleas for help, after a point, Plaintiff began to appear faint, pale and in obvious pain and in danger of passing out.  After substantial delay, Defendants finally arranged for Plaintiff to be transported to Anaheim Hospital for treatment.

24.     The actions of DEFENDANTS and the CITY continue a history of similar illegal and unconstitutional conduct, derived from inadequate training, supervision, management and oversight, issues which have been in existence since at least 2000, and which have not been corrected to this date.

/ / /

25.    As a result, the actions of the CITY and DOES 1-10, Plaintiff has and continues to suffer pain, suffering and physical injuries, including but not limited to, nerve and spinal damage, requiring medical treatment including surgery, which has Plaintiff unable to work.

26.    As a direct and proximate result of the actions of DEFENDANTS and DOES 1-10, Plaintiff feared for his life and continues to suffer pain and suffering from serious bodily injury, and to suffer from mental, emotional and psychological distress, which has rendered Plaintiff unable or limited in his ability to work, and continues to cause Plaintiff to suffer financial hardship and loss of past and future income and earnings.

## FIRST CLAIM

### Excessive Force-Fourth Amendment

### (42 U.S.C. § 1983)

(Against All Defendants)

27.    PLAINTIFF repeats, realleges, and incorporates by reference the allegations contained in all previous paragraphs as though fully set forth at length herein.

28.    DEFENDANTS' conduct, as described above, violated PLAINTIFF's right to be free from excessive or arbitrary force without reasonable or probably cause under the Fourth Amendment to the United States Constitution. Defendants SAINEZ, KIMERY, ODEDETTE and Defendants DOES 1-10 engaged in excessive force by

29.    Physically attacking and forcefully tackling and pinning Plaintiff to the ground, with guns drawn and while threatening to taser Plaintiff and to use deadly force.  Thereafter, DEFENDANTS applied excessively tight handcuffs, sufficient to cut off circulation and cause physical bodily injuries.

30.    After taking Plaintiff into custody, DFENDANTS failed to take

reasonable and necessary precautions to prevent Plaintiff from suffering further injury, by (1) keeping Plaintiff handcuffed but failing to seatbelt him while in transport; and (2) ignoring Plaintiff's complaints of pain and injury, and disregarding Plaintiff's need for prompt, timely, reasonable medical care and attention.  Plaintiff had a serious medical need and DEFENDANTS showed deliberate indifference to addressing Plaintiff's medical needs.

31.    DEFENDANTS' use of force was excessive and unreasonable, as Plaintiff Aldave posed no immediate of serious threat of injury to Defendants SAINEZ, KIMERY, ODEDETTE and Defendants DOES 1-10, nor any other individual at the time that Plaintiff was attack.  Defendants' use of excessive force and failure to provide necessary medical care violated not only training received by DEFENDANTS but that of standard police officer training.

32.    As a direct and legal result of the acts and omissions of Defendants SAINEZ, KIMERY, ODEDETTE and Defendants DOES 1-10, PLAINTIFF has and will continue to suffer pain and suffering from life changing physical and mental injuries including, but not limited to, nerve and spinal damage, emotional and psychological distress, and financial loss, including loss of past and future earnings and earning capacity, the exact nature and extent of which are presently unknown to the PLAINTIFF, but will be proven at the time of trial.

33.    PLAINTIFF is informed and believes and thereon alleges that DEFENDANTS, and each of them by engaging in the aforementioned acts and/or in authorizing and/or ratifying such acts, engaged in willful, malicious, intentional, oppressive and despicable conduct, and acted with a conscious disregard for the rights of PLAINTIFF, entitling Plaintiff Aldave to an award of exemplary and punitive damages against all non-government entity defendants, including Defendants SAINEZ, KIMERY, ODEDETTE and Defendants DOES 1-10, in an amount to be determined at the time of trial.

34.     As a direct and proximate result of Defendants conduct, as alleged herein, PLAINTIFFS have been compelled to retain legal counsel, and are entitled to reasonable attorney's fees and costs of suit.

### SECOND CLAIM

**Substantive Due Process - Fourteenth Amendment Violation**

**(42 U.S.C. § 1983)**

**(Against All Defendants)**

35.     PLAINTIFF repeats, realleges, and incorporates by reference the allegations contained in all previous paragraphs as though fully set forth at length herein.

36.     PLAINTIFF has a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive him of life, liberty, or property in such a manner as to shock the conscience.

37.     The aforementioned acts of the CITY and DEFENDANTS SAINEZ, KIMERY, ODEDETTE and Defendants DOES 1-10, throughout the ordeal, along with other undiscovered and discovered conduct, namely threats and intimidation incited by Defendant CITY, shock the conscience, in that DEFENDANTS acted with deliberate indifference to the constitutional rights of the PLAINTIFF, and with purpose to harm unrelated to any legitimate law enforcement objective.

38.     As a direct and legal result of the acts and omissions of the CITY and DEFENDANTS SAINEZ, KIMERY, ODEDETTE and Defendants DOES 1-10, PLAINTIFF has and will continue to suffer pain and suffering from life changing physical and mental injuries including, but not limited to, nerve and spinal damage, emotional and psychological distress, and financial loss, including loss of past and future earnings and earning capacity, the exact nature and extent of which are

presently unknown to the PLAINTIFF, but will be proven at the time of trial.

39.     PLAINTIFF is informed and believes and thereon alleges that DEFENDANTS, and each of them by engaging in the aforementioned acts and/or in authorizing and/or ratifying such acts, engaged in willful, malicious, intentional, oppressive and despicable conduct, and acted with a conscious disregard for the rights of PLAINTIFF, entitling Plaintiff Aldave to an award of exemplary and punitive damages against all non-government entity defendants, including Defendants SAINEZ, KIMERY, ODEDETTE and Defendants DOES 1-10, in an amount to be determined at the time of trial.

40.     As a direct and proximate result of Defendants conduct, as alleged herein, PLAINTIFF has been compelled to retain legal counsel, and are entitled to reasonable attorney's fees and costs of suit.

### THIRD CLAIM

**Assault and Battery**

**(GOV. CODE § 820 and CALIFORNIA COMMON LAW)**

**(Against all Defendants)**

41.     The PLAINTIFF repeats, realleges, and incorporates by reference the allegations contained in all previous paragraphs as though fully set forth at length herein.

42.     Defendants' KIMERY, ODEDETTE and Defendants DOES 1-10, while working as officers of the CITY and acting within the course and scope of their duties, intentionally physically attacked and forcefully tackled and pinned Plaintiff to the ground, with guns drawn and while threatening to taser Plaintiff and to use deadly force.  Thereafter, DEFENDANTS applied excessively tight handcuffs, sufficient to cut off circulation and cause physical bodily injuries.  Defendants KIMERY, ODEDETTE and Defendants DOES 1-10, had no legal justification for using such

force against PLAINTIFF, and the use of force exercised while carrying out their duties as officers was an unreasonable and non-privileged use of force.

43.     As a direct and legal result of the acts and omissions of the CITY and DEFENDANTS KIMERY, ODEDETTE and Defendants DOES 1-10, PLAINTIFF has and will continue to suffer pain and suffering from life changing physical and mental injuries including, but not limited to, nerve and spinal damage, emotional and psychological distress, and financial loss, including loss of past and future earnings and earning capacity, the exact nature and extent of which are presently unknown to PLAINTIFF, but will be proven at the time of trial.

44.     CITY is vicariously liable for the wrongful acts of Defendants DOEs 1-10 and pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment where the employee's act would subject him or her to liability.

45.     PLAINTIFF is informed and believes and thereon alleges that the conduct of Defendants' KIMERY, ODEDETTE and Defendants DOES 1-10 was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of the Plaintiff, entitling Plaintiff Aldave to an award of exemplary and punitive damages in an amount to be determined at the time of trial.

46.     As a result of their conduct, DEFENDANTS are liable for the PLAINTIFF's injuries, either because they failed to intervene to prevent these violations, or under the doctrine of *respondeat superior*.

/ / /

/ / /

/ / /

/ / /

/ / /

# FOURTH CLAIM

## Negligence

### (GOV. CODE § 820 and CALIFORNIA COMMON LAW)

### (Against All Defendants)

47.     PLAINTIFF repeats, realleges, and incorporates by reference the allegations contained in all previous paragraphs as though fully set forth at length herein.

48.     All officers, including, Defendants SAINEZ, KIMERY, ODEDETTE and Defendants DOES 1-10, have a duty to use reasonable care to prevent harm or injury to others. This duty includes using appropriate tactics, giving appropriate commands, giving warnings, avoiding use of any force unless necessary, and providing timely and reasonable medical care.

49.     Defendants SAINEZ, KIMERY, ODEDETTE and Defendants DOES 1-10 breached this duty of care. Upon information and belief, the actions and inactions of Defendants SAINEZ, KIMERY, ODEDETTE and Defendants DOES 1-10 were negligent and reckless, including but not limited to:

  (a) failure to properly and adequately assess the need to use excessive force against PLAINTIFF;

  (b) failure of monitor and record any use of force by Defendants KIMERY, ODEDETTE, the CITY and DOES 1-10;

  (c) failure to monitor and record any injuries specifically caused by the use of excessive force by Officers KIMERY, ODEDETTE, the CITY and DOES 1-20;

  (d) negligent tactics and handling of the detention and arrest of PLAINTIFF, including restraining him in handcuffs so tight, that caused him numbness and other injuries;

(e)  negligent use of excessive force to detain and arrest PLAINTIFF, or to neutralize the situation without use of force;

(f)  negligent use of excessive force against PLAINTIFF;

(g)  failure to provide appropriate restraint within the police vehicle following detention and arrest and in transport to the police station

(h)  failure to provide prompt, timely and reasonable medical care;

(i)  failure to properly train and supervise employees, both professional and non-professional, including Defendants KIMERY, ODEDETTE, and DOES 1-10; and

(j)  negligent handling of evidence and witnesses.

50.    As a direct and legal result of the acts and omissions of the CITY and DEFENDANTS KIMERY, ODEDETTE and Defendants DOES 1-10, PLAINTIFF has and will continue to suffer pain and suffering from life changing physical and mental injuries including, but not limited to, nerve and spinal damage, emotional and psychological distress, and financial loss, including loss of past and future earnings and earning capacity, the exact nature and extent of which are presently unknown to the PLAINTIFF, but will be proven at the time of trial.

51.    CITY is vicariously liable for the wrongful acts of Defendants DOEs 1-10 and pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment where the employee's act would subject him or her to liability.

52.    As a result of their conduct, DEFENDANTS are liable for the Plaintiff's injuries, either because they failed to intervene to prevent these violations, or under the doctrine of *respondeat superior*.

/ / /

/ / /

**FIFTH CLAIM**

**Violation of the Bane Act**

**Cal. Civil Code § 52.1**

**(Against All Defendants)**

53.     PLAINTIFF repeats, realleges, and incorporates by reference the allegations contained in all previous paragraphs as though fully set forth at length herein.

54.     California Civil Code, Section 52.1 (the Bane Act), prohibits any person from using violent acts or threatening to commit violent acts in retaliation against another person for exercising that person's constitutional rights.

55.     As alleged herein, DEFENDANTS KIMERY, ODEDETTE and Defendants DOES 1-10 interfered through their acts and omissions with the PLAINTIFF's rights under state and federal laws and under the state and federal Constitution including, without limitation, the right to be free from excessive force, the right to due process and protection from bodily harm, including his rights under Civil Code § 43, Penal Code §§ 149, 240, and 242, and his rights under the Fourth and Fourteenth Amendments to the United States Constitution and his rights under Article 1, Sections 1, 7 and/or 13 of the United States Constitution and his rights under Article 1, Sections 1, 7 and/or 13 of the California Constitution.

56.     As alleged herein, DEFENDANTS KIMERY, ODEDETTE and Defendants DOES 1-10, while working for CITY and acting within the course and scope of his duties, intentionally committed and attempted to commit acts of violence against the PLAINTIFF or acted in reckless disregards of the PLAINTIFF's civil rights initiating an unprovoked attack in the absence of reasonable suspicion or probable cause, by making the erroneous determination that excessive force was warranted under the circumstances; by physically attacking and forcefully tackling

and pinning Plaintiff to the ground, with guns drawn and while threatening to taser Plaintiff and to use deadly force, and applying excessively tight handcuffs, sufficient to cut off circulation and cause physical bodily injuries.

57.     As a direct and legal result of the acts and omissions of the CITY and DEFENDANTS KIMERY, ODEDETTE and Defendants DOES 1-10, PLAINTIFF has and will continue to suffer pain and suffering from life changing physical and mental injuries including, but not limited to, nerve and spinal damage, emotional and psychological distress, and financial loss, including loss of past and future earnings and earning capacity, the exact nature and extent of which are presently unknown to the PLAINTIFF, but will be proven at the time of trial.

58.     PLAINTIFF reasonably believes and understands that the violent acts committed by DEFENDANTS KIMERY, ODEDETTE and DOES 1-10, were intended to impair Plaintiff's exercise of the above civil rights.

59.     DEFENDANTS KIMERY, ODEDETTE and Defendants DOES 1-10 successfully interfered with the above civil rights of PLAINTIFF.

60.     The conduct of DEFENDANTS KIMERY, ODEDETTE and DOES 1-10 was a substantial factor in causing PLAINTIFF's harm, injuries and damages.

61.     CITY is vicariously liable for the wrongful acts of DEFENDANTS KIMERY, ODEDETTE and DOES 1-10 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

62.     As a result of their conduct, DEFENDANTS are liable for the PLAINTIFF's injuries, either because they failed to intervene to prevent these violations, or under the doctrine of *respondeat superior*.

63.     PLAINTIFF is informed and believes and thereon alleges that DEFENDANTS, and each of them by engaging in the aforementioned acts and/or in

authorizing and/or ratifying such acts, engaged in willful, malicious, intentional, oppressive and despicable conduct, and acted with a conscious disregard for the rights of Plaintiff, entitling Plaintiff Aldave to an award of exemplary and punitive damages against all non-government entity defendants, including Defendants SAINEZ, KIMERY, ODEDETTE and Defendants DOES 1-10, in an amount to be determined at the time of trial.

64.     As a direct and proximate result of Defendants conduct, as alleged herein, Plaintiff has been compelled to retain legal counsel, and are entitled to reasonable attorney's fees and costs of suit.

## SIXTH CLAIM

### Violation of the Ralph Civil Rights Act

### Cal. Civil Code § 51.7

### (Against All Defendants)

65.     PLAINTIFF repeats, realleges, and incorporates by reference the allegations contained in all previous paragraphs as though fully set forth at length herein.

66.     On or about the above stated dates, and sometime prior thereto, Defendants KIMERY, ODEDETTE and Defendants DOES 1-10 violated PLAINTIFF's civil rights guaranteed by the United States Constitution, federal law, the California Constitution and the laws of the State of California thereby providing a civil cause of action against defendant under California Civil Code Section 51.7.

67.     Defendants KIMERY, ODEDETTE and Defendants DOES 1-10, while working as law enforcement officers and agents for the CITY and acting within the course and scope of their official duties, interfered with or attempted to interfere with Plaintiff's right to be free from unreasonable searches and seizures, unreasonable threats and use of excessive force or committing acts involving violence, coercion or intimidation on the basis of a protected class, such as race.  Plaintiff's race is Latino.

68.    On information and belief, PLAINTIFF reasonably believed that if he exercised his constitutional rights to be free from unreasonable seizures, arrests, searches and/or excessive force Defendants KIMERY, ODEDETTE and Defendants DOES 1-10 would have committed further and more aggressive and deadly acts involving violence, threats, coercion, or intimidation against his person.

69.    Upon information and belief, a substantial and motivating reason for Defendants KIMERY, ODEDETTE and Defendants DOES 1-10 use of excessive force, unlawful detention, failure to appropriately restrain and negate the PLAINTIFF of immediate medical assistance was due to their being emboldened to commit misconduct to misuse and abuse their authority or power by taking advantage of some weakness or disability or misfortune of the PLAINTIFF because of his race or national origin in reckless disregard of Plaintiff's rights, accompanied by ill will or spite, and was executed with unnecessary harshness or severity warranting punitive damages.

70.    As a direct and legal result of the acts and omissions of the CITY and DEFENDANTS KIMERY, ODEDETTE and Defendants DOES 1-10, Plaintiff has and will continue to suffer pain and suffering from life changing physical and mental injuries including, but not limited to, nerve and spinal damage, emotional and psychological distress, and financial loss, including loss of past and future earnings and earning capacity, the exact nature and extent of which are presently unknown to the PLAINTIFF, but will be proven at the time of trial.

71.    Defendant CITY is vicariously liable for the wrongful acts of Defendants KIMERY, ODEDETTE and Defendants DOES 1-10, pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of their employment if the employee's act would subject him or her to liability.

72.     Plaintiff is informed and believes and thereon alleges that the conduct of DEFENDANTS and DOES 1-10 was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of the Plaintiff, entitling Plaintiff Aldave to an award of exemplary and punitive damages in an amount to be determined at the time of trial as to the individual defendants.

73.     As a result of their conduct, DEFENDANTS are liable for the Plaintiff's injuries, either because they failed to intervene to prevent these violations, or under the doctrine of *respondeat superior*.

74.     Plaintiff is informed and believes and thereon alleges that DEFENDANTS, and each of them by engaging in the aforementioned acts and/or in authorizing and/or ratifying such acts, engaged in willful, malicious, intentional, oppressive and despicable conduct, and acted with a conscious disregard for the rights of the Plaintiff, entitling Plaintiff Aldave to an award of exemplary and punitive damages against all non-government entity defendants, including Defendants DOES1-10, in an amount to be determined at the time of trial.

75.     As a direct and proximate result of Defendants conduct, as alleged herein, Plaintiff has been compelled to retain legal counsel, and are entitled to reasonable attorney's fees and costs of suit.

## SEVENTH CLAIM

### Intentional Infliction of Emotional Distress

(Against All Defendants)

76.     PLAINTIFF repeats, realleges, and incorporates by reference the allegations contained in all previous paragraphs as though fully set forth at length herein.

77.     Defendants KIMERY, ODEDETTE and Defendants DOES 1-10 were law enforcement officers acting in the course and scope of their employment and on

behalf of Defendant CITY, with all requisite authority conferred upon them by Defendant CITY.

78.     CITY is vicariously liable for the wrongful acts of Defendants KIMERY, ODEDETTE and Defendants DOES 1-10, pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of their employment if the employee's act would subject him or her to liability.

79.     By virtue of Defendants' positions and employment, Defendant CITY knew of or reasonably should have known of, authorized, adopted, approved and/or ratified DEFENDANTS' wrongful, unlawful, and unconstitutional conduct before, during and/or after it occurred.

80.     Defendants knew or should have known that severe emotional distress would result from their conduct; or Defendants acted in conscious disregard and gave little or no thought to the probable effects of their conduct.

81.     Defendants aforementioned conduct was a substantial factor in causing Plaintiff severe emotional distress.

82.     As law enforcement officers, Defendants abused a position of authority that gave Defendants real or apparent power to affect Plaintiff's interests;

83.     As a result of their conduct, DEFENDANTS are liable for Plaintiff's injuries, either because they failed to intervene to prevent these violations, or under the doctrine of *respondeat superior*.

84.     As a direct and legal result of the acts and omissions of the DEFENDANTS', and specifically KIMERY, ODEDETTE and DOES 1-10, Plaintiff has and will continue to suffer pain and suffering from life changing physical and mental injuries including, but not limited to, nerve and spinal damage, emotional and psychological distress, and financial loss, including loss of past and future earnings

and earning capacity, the exact nature and extent of which are presently unknown to the Plaintiff, but will be proven at the time of trial.

85.   PLAINTIFF is informed and believes and thereon alleges that DEFENDANTS, and each of them by engaging in the aforementioned acts and/or in authorizing and/or ratifying such acts, engaged in willful, malicious, intentional, oppressive and despicable conduct, and acted with a conscious disregard for the rights of the Plaintiff, entitling Plaintiff Aldave to an award of exemplary and punitive damages against all non-government entity defendants, including Defendants DOES1-10, in an amount to be determined at the time of trial.

## EIGHTH CLAIM

### Negligent Infliction of Emotional Distress

(Against All Defendants)

86.   PLAINTIFF repeats, realleges, and incorporates by reference the allegations contained in all previous paragraphs as though fully set forth at length herein.

87.   In the alternative, Defendants KIMERY, ODEDETTE and Defendants DOES 1-10 conduct, as described above, was done in a careless or negligent manner, without consideration for the effect of such conduct upon the Plaintiff's emotional well-being.

88.   As a result of their conduct, DEFENDANTS are liable for Plaintiff's injuries, either because they failed to intervene to prevent these violations, or under the doctrine of *respondeat superior*.

89.   As a direct and legal result of the acts and omissions of the DEFENDANTS', and specifically Defendants KIMERY, ODEDETTE and Defendants DOES 1-10, Plaintiff has and will continue to suffer pain and suffering from life changing physical and mental injuries including, but not limited to, nerve

and spinal damage, emotional and psychological distress, and financial loss, including loss of past and future earnings and earning capacity, the exact nature and extent of which are presently unknown to the Plaintiff, but will be proven at the time of trial.

## NINTH CLAIM

**Municipal Liability (Monell)**

**Inadequate Training, Ratification, Unconstitutional Custom and Practice**

**(42 U.S.C. § 1983)**

(Against All Defendants)

90.    PLAINTIFF repeats, realleges, and incorporates by reference the allegations contained in all previous paragraphs as though fully set forth at length herein.

91.    Defendants SAINEZ, KIMERY, ODEDETTE and Defendants DOES 1-10 acted under color of law.

92.    The actions of Defendants SAINEZ, KIMERY, ODEDETTE and Defendants DOES 1-10 deprived PLAINTIFF of his particular rights under the United States Constitution.

93.    A final policymaker, acting under the color of law, who had final policymaking authority concerning the acts of Defendants KIMERY, ODEDETTE and DOES 1-10, ratified the acts of Defendants KIMERY, ODEDETTE and DOES 1-10 and the basis for them. The final policymaker knew of and specifically approved the acts of Defendants KIMERY, ODEDETTE and DOES 1-10.

94.    Defendant CITY failed to adequately and properly train its law enforcement officers to handle the usual and recuring situations with which they must deal, or how, when and under what circumstances lethal and nonlethal use of force is warranted, and not to use excessive force.

95.    Defendant CITY was deliberately indifferent to the obvious consequences of its failure to adequately train its officers.

96.    The failure of Defendant CITY to provide adequate training, including training with regard to use of force, caused the deprivation of Plaintiff's rights by Defendants KIMERY, ODEDETTE and DOES 1-10; that is, Defendants' failure to train is so closely related to the deprivation of the Plaintiff's rights as to be the moving force that caused the ultimate injury.

97.    On information and belief, with respect to Defendants KIMERY, ODEDETTE and DOES 1-10, Defendant CITY failed to properly and adequately discipline, reprimand, retrain, suspend, or otherwise penalize conduct and actions in connection with the unprovoked attack on the Plaintiff.

98.    Defendant CITY and Defendants KIMERY, ODEDETTE and DOES 1-10 together with other CITY policy makers and supervisors, maintained, inter alia, engaged in the following unconstitutional customs, practices, and policies:

(a)    Use and threats of use of excessive force;

(b)    Providing inadequate training regarding the use of excessive force;

(c)    Employing and retaining as police officers' individuals, such as Defendants KIMERY, ODEDETTE and DOES 1-10, who Defendant CITY at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for using excessive force;

(d)    Inadequately supervising, training, controlling, assigning, and disciplining CITY officers, and other personnel, including Defendants KIMERY, ODEDETTE and DOES 1-10, who Defendant CITY knew or in the exercise of reasonable care should

have known had the aforementioned propensities and character traits;

 (e) Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining, and controlling misconduct by CITY officers, namely Defendants KIMERY, ODEDETTE and DOES 1-10;

 (f) Failure to adequately discipline Defendants KIMERY, ODEDETTE and DOES 1-10 regarding the magnitude of the misconduct, and other inadequate discipline that is tantamount to encouraging misconduct;

 (j) Failure to professionally train police officers on the proper use of nonlethal force.

99. By reason of the aforementioned acts and omissions, the Plaintiff has and will continue to suffer both physical and emotional turmoil at the hands of the DEFENDANTS.

100. All Defendants, including Defendants KIMERY, ODEDETTE and DOES 1-10, together with various officials whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above.

101. By information and belief, surveillance, both in the form of street cameras in the immediate vicinity and body cameras of Defendants KIMERY, ODEDETTE and DOES 1-10 and accompanying officers exists and is yet to be provided to Plaintiff's counsel. Despite having knowledge as stated above, these Defendants condoned, tolerated and through actions and inactions thereby ratified such policies. Said Defendants acted with deliberate indifference to the foreseeable effects and consequences of these actions and policies with respect to the constitutional rights of the Plaintiff and other individuals similarly situated.

102.   By perpetrating, sanctioning, tolerating, and ratifying the outrageous conduct and other wrongful acts, Defendants KIMERY, ODEDETTE and DOES 1-10 acted with intentional, reckless, and callous disregard for the PLAINTIFF's constitutional rights. Furthermore, the policies, practices, and customs implemented, maintained, and still tolerated by all Defendants KIMERY, ODEDETTE, CITY and Defendants DOES 1-10 were affirmatively linked to and were a significantly influential force behind the Plaintiff's injuries, including but not limited to Defendants KIMERY, ODEDETTE and DOES 1-10 use of excessive force against the Plaintiff.

103.   Plaintiff is informed and believes and thereon alleges that the conduct of Defendants DOES 1-10 was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of the Plaintiff, entitling Plaintiff Aldave to an award of exemplary and punitive damages in an amount to be determined at the time of trial.

104.   As a result of their conduct, DEFENDANTS are liable for the Plaintiff's injuries, either because they failed to intervene to prevent these violations, or under the doctrine of *respondeat superior*.

105.   As a direct and legal result of the acts and omissions of the DEFENDANTS', and specifically KIMERY, ODEDETTE and DOES 1-10, Plaintiff has and will continue to suffer pain and suffering from life changing physical and mental injuries including, but not limited to, nerve and spinal damage, emotional and psychological distress, and financial loss, including loss of past and future earnings and earning capacity, the exact nature and extent of which are presently unknown to the Plaintiff, but will be proven at the time of trial.

106.  PLAINTIFF is informed and believes and thereon alleges that DEFENDANTS, and each of them by engaging in the aforementioned acts and/or in authorizing and/or ratifying such acts, engaged in willful, malicious, intentional,

oppressive and despicable conduct, and acted with a conscious disregard for the rights of the Plaintiff, entitling Plaintiff Aldave to an award of exemplary and punitive damages against all non-government entity defendants, including Defendants DOES1-10, in an amount to be determined at the time of trial.

107.   As a direct and proximate result of Defendants conduct, as alleged herein, Plaintiff has been compelled to retain legal counsel, and are entitled to reasonable attorney's fees and costs of suit.

## **PRAYER FOR RELIEF**

**WHEREFORE**, PLAINTIFFS request entry of judgement in their favor and against the Officer KIMERY, Sergeant ODEDETTE, CITY and Defendants DOES 1-10, as follows:

1.   For general economic and non-economic damages according to proof;

2.   For special damages according to proof;

3.   For punitive damages where allowed by law;

4.   For equitable relief;

5.   For prejudgment interest;

6.   For costs of suit incurred herein;

7.   For attorney's fees as allowed by law;

8.   For civil penalties as allowed by law;

9.   For such other and further relief as this Court deems just and proper, and appropriate.

1

Dated: April 29, 2021

2

Respectfully submitted,

3

TONI JARAMILLA, A Professional Law Corp.

4

ALEXANDER MORRISON + FEHR LLP

5

6

7

By: _*s/ J. Bernard Alexander, III*_

Toni J. Jaramilla

8

J. Bernard Alexander, III

9

Attorneys for the Plaintiff
GABRIEL ALDAVE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# **DEMAND FOR JURY TRIAL**

Plaintiffs demand a trial by jury on all issues so triable.

Dated: April 29, 2021                Respectfully submitted,

TONI JARAMILLA, A Professional Law Corp.

ALEXANDER MORRISON + FEHR LLP


By: *s/ J. Bernard Alexander, III*
　　　Toni J. Jaramilla
　　　J. Bernard Alexander, III

Attorneys for the Plaintiff
GABRIEL ALDAVE